# UNITED STATES DISTRICT COURT
Eastern District of Kentucky
Central Division at Lexington

| | |
|---|---|
| Halima Williams )<br>    *Plaintiff* )<br>  )<br>v. )<br>  )<br>Members Heritage Credit Union )<br>    *Defendant* )<br>Serve: )<br>    Any Officer )<br>    440 Park Place )<br>    Lexington, KY 40511-1829 )<br>  )<br>Stoll Keenon Ogden PLLC )<br>    *Defendant* )<br>Serve: )<br>    SKO – Lexington Services, LLC )<br>    300 West Vine Street, Suite 2100 )<br>    Lexington, KY 40507-1801 )<br>  ) | Case No. |

## CLASS ACTION COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

    1.    This is an action by Plaintiff Halima Williams as an individual Kentucky consumer and also as the proposed class representative on behalf of classes of similarly situated Kentucky consumers against Defendants Members Heritage Credit Union and Stoll Keenon Ogden PLLC (jointly "Defendants") for their joint and several knowing, willful, unfair and thus unconscionable practices in the course of Defendants' trade and commerce and collection of consumer debt against Plaintiff, and also against similarly situated classes of Kentucky citizen consumers,  The conduct of Defendants, as alleged *infra,* gives rise to the claims of Plaintiff and the like claims of classes of similarly situated Kentucky consumers, as follows:

a)  Violation of the Kentucky Consumer Protection Act ("KCPA"), KRS 367.110 *et seq.*, by Defendants, in combination, knowingly, willfully and unfairly collecting self-determined attorney's fees, court costs, and other expenses that are unliquidated and not awarded by court judgment;

b)  Violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*, by

Defendants' joint and several knowing, willful, unfair, and abusive attempt to collect or collecting self-determined attorney's fees, court costs, and other expenses unliquidated and not awarded by a court in a judgment.

Plaintiff individually on her own behalf seeks her actual damages, statutory damages, punitive damages, her court costs and attorney fees against Defendants jointly and severally. Plaintiff also seeks to be appointed as class representative to represent and seek actual damages, statutory damages, punitive damages, court costs and attorney fees on behalf of proposed class' of Kentucky citizen consumers similarly situated as Plaintiff.

## JURISDICTION and VENUE

2. Jurisdiction of this court arises under 28 U.S.C. §1331 and 15 U.S.C. §1692k. Venue is proper because the nucleus of relevant facts and events giving rise to Plaintiff's claims occurred in Fayette County, Kentucky, which is located within this District.

## PARTIES

3. Plaintiff Halima Williams is a natural person who resides in Fayette County, Kentucky and a "consumer" within the meaning of the FDCPA as defined at 15 U.S.C. § 1692a(3).

4. Defendant Members Heritage Credit Union ("MHCU") is a state-chartered credit union whose headquarters is located at 440 Park Place, Lexington, KY 40511-1829. MHCU is a "person" within the meaning of the KCPA as defined at KRS 367.110(1).

5. Defendant Stoll Keenon Ogden PLLC ("Stoll Keenon") is a Kentucky law firm engaged *inter alia* in the business of collecting debts on behalf of others, such as Defendant MHCU, whose principal place of business is located at 300 West Vine Street, Suite 2100, Lexington, KY 40507-1801.

6. Stoll Keenon regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, including but not limited to creditors such as MHCU. A search of CourtNet (http://kcoj.kycourts.net) reflects that the individual attorney for Stoll Keenon who filed the State Court Lawsuit at the basis of this case has alone filed at least fifty (50) debt collection lawsuits in the calendar year 2024 to date, and appears to have regularly filed such cases in the past as far back as at least 2015.

7. Stoll Keenon is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. §1692a(6).

## STATEMENT OF FACTS

8. On September 20, 2019, Plaintiff Halima Williams ("Williams") obtained a loan from Defendant Members Heritage Credit Union ("MHCU") (the "MHCU Loan") memorialized in a certain "Loan and Security Agreement and Disclosure Statement" (the "MHCU Agreement"). A true and accurate copy of the MHCU Agreement is attached hereto as Exhibit "A."

9. Ms. Williams used the MHCU Loan for personal, family and/or household purposes, making the debt that arose out of the MHCU Loan a "debt" within the meaning of the FDCPA.

10. The MHCU Agreement contained a provision whose terms stated that, in the event of collection of amounts due and owing on the agreement by an attorney, Ms. Williams would be liable for MHCU's "reasonable attorney fees to the extent permitted by state law":

> **Collection Costs:**
> You promise to pay all cost of collecting the amount you owe under this Agreement, including reasonable attorney fees to the extent permitted by state law.

11. In 2020, Ms. Williams did default on the MHCU Loan.

12. On July 1, 2020, MHCU, by and through counsel of the Defendant law firm Stoll Keenon Ogden PLLC ("Stoll Keenon"), filed the case of *Members Heritage Credit Union v. Halima J. Williams* in the Fayette District Court of Fayette County, Kentucky under case number 20-C-02807 (the "State Court Lawsuit") in an attempt to collect alleged amounts due and owing on the MHCU Loan and MHCU Agreement. A true and accurate copy of the complaint in the State Court Lawsuit (the "State Court Complaint") is attached hereto as Exhibit "B."

13. Paragraph 5 of the State Court Complaint alleges that pursuant to the MHCU Agreement MHCU is entitled to recover "its court costs and reasonable attorneys' fees" from Ms. Williams.

14. On July 28, 2020, MHCU moved for default judgment in the State Court Lawsuit (the "Motion for Default"). A true and accurate copy of the Motion for Default is attached hereto as Exhibit "C."

15. An Affidavit of Stoll Keenon's counsel in the State Court Lawsuit attached to the Motion for Default reiterated MHCU's demand for its attorney's fees in the State Court Lawsuit, but did not attest to any specific request for a liquidated amount of attorney's fees that the court find reasonable:[1]

---

[1] The Affidavit's identification of KRS 190.100 as a basis for MHCU's entitlement to its attorney's fees has no

> 5.  MHCU is entitled to recover its attorneys' fees herein pursuant to Section 190.100 of the Kentucky Revised Statutes.

16.  On August 11, 2020, the Fayette District Court granted MHCU's Motion for Default in the State Court Lawsuit and entered a default judgment order drafted and tendered by Stoll Keenon on behalf of MHCU (the "Default Judgment"). A true and accurate copy of the entered Default Judgment is attached hereto as Exhibit "D."

17.  The Default Judgment awarded MHCU the amounts of principal and interest on the MHCU Loan and MHCU Agreement that it sought in the Motion for Default.

18.  The Default Judgment further purported to award MHCU "its reasonable attorneys' fees … *to be determined by the Court*" (emphasis added), stating:

> 2.  MHCU is hereby awarded its reasonable attorneys' fees pursuant to Section 411.195 of the Kentucky Revised Statutes to be determined by the Court, and its expenses and court costs herein expended.

19.  The Default Judgment did not award *any* specific, liquidated amount of attorney's fees to MHCU or Stoll Keenon on MHCU's behalf or deem any specific, liquidated amount of attorney's fees reasonable. In fact, ***by its own terms*** *the Default Judgment reserves any such award of reasonable attorney's fees in the State Court Lawsuit to a further judgment or finding of the court*.

20.  At no point after entry of the Default Judgment has MHCU or Stoll Keenon on MHCU's behalf moved the Fayette District Court for a liquidated award of reasonable attorney's fees in the State Court Lawsuit.

21.  The determination of a reasonable attorney's fee in a lawsuit in the Commonwealth of Kentucky is solely the responsibility of the trial court, and the trial court in determining the reasonableness of attorney's fees is bound to consider the factors set forth in SCR 3.130(1.5). *Gibson v. Kentucky Farm Bureau Mut. Ins. Co.,* 328 S.W.3d 195, 204 (Ky. App. 2010); *Key v. Mariner Finance, LLC,* 617 S.W.3d 819, 824 (Ky. App. 2020); *Brown v. Fulton, Hubbard &*

---

application to the loan of Ms. Williams or the collection of the loan and is therefore inapposite. KRS 190.100 is contained in the Motor Vehicle Retail Installment Sales Act, KRS 190.090 *et seq.*, which covers exclusively motor vehicle sales. The MHCU Agreement does not appear to have been a motor vehicle retail installment sales contract, and in fact despite its containing an embedded security agreement does not identify any collateral securing the agreement. As indicated below, the Default Judgment identifies the proper statutory basis for MHCU's claim to attorney's fees, which is KRS 411.195.

*Hubbard*, 817 S.W.2d 899, 901 (Ky. App. 1991).

22.     At no point did MHCU or Stoll Keenon on MHCU's behalf file and serve a Bill of Costs pursuant to KRS 453.040 or Ky. R. Civ. P. 54.04 in order to obtain a liquidated award of its costs expended.

23.     By mandatory rule under Ky. Civ. R. P. 54.04(2), a party entitled to recover court costs must serve and file a bill of costs on the party liable therefor a bill itemizing costs it seeks to recover, which states:

> A party entitled to recover costs **shall prepare and serve** upon the party liable therefor a bill itemizing the costs incurred by him in the action, including filing fees, fees incident to service of process and summoning of witnesses, jury fees, warning order attorney, and guardian ad litem fees, costs of the originals of any depositions (whether taken stenographically or by other than stenographic means), fees for extraordinary services ordered to be paid by the court, and such other costs as are ordinarily recoverable by the successful party. If within five days after such service no exceptions to the bill are served on the prevailing party, the clerk shall endorse on the face of the judgment the total amount of costs recoverable as a part of the judgment. Exceptions shall be heard and resolved by the trial court in the form of a supplemental judgment.

Ky.CR 54.04(2) (bolding and underlining added).

24.     The purpose of requiring the prevailing party to serve a bill of costs is twofold: **(i)** to give the liable party a chance to review and object to the items included as costs and the amount of costs claimed, and **(ii)** to subject the award of costs to judicial oversight and review.

25.     Under Kentucky law, the bill of costs must be served and filed within a reasonable time after entry of judgment. *Brett v. Media Gen. Operations, Inc.*, 326 S.W.3d 452, 460 (Ky. App. 2010).

26.     If a party seeking to recover court costs fails to serve and file a bill of costs within a reasonable time as required by CR 54.04(2) the party cannot recover court costs.

27.     A "reasonable time" to file a Bill of Costs is no more than 30 days after judgment is entered. David V. Kramer and David W. Burleigh, 7 Ky. Practice, *Civil Procedure*, Rule 54.04 (online version accessed March 3, 2017).

28.     At no time after entry of the Default Judgment has either MHCU, or Stoll Keenon as its counsel, moved the Fayette District Court for an enlargement of time to file a bill of costs.

29.     MHCU's and Stoll Keenon's failure to file and serve a timely bill of costs operates as a waiver of MHCU's legal right to recover from Ms. Williams its court costs expended or incurred in the State Court Lawsuit.

30.     On numerous occasions MHCU, by and through Stoll Keenon acting as its collection attorneys, attempted to collect unliquidated amounts of attorney's fees not awarded by the Default Judgment or by a further adjudication and order of the Fayette District Court, and also unliquidated amounts of court costs for which no bill of costs has been filed or served.

31.     For instance, on September 14, 2020, over thirty days after entry of the Default Judgment, MHCU, by and through Stoll Keenon, recorded a Notice of Judgment Lien with the County Clerk of Fayette County, Kentucky pursuant to the Default Judgment (the "Judgment Lien"). A true and accurate copy of the Judgment Lien is attached hereto as Exhibit "E."

32.     The Judgment Lien states that Ms. Williams owes MHCU for *inter alia* "attorneys' fees as set forth in the Judgment," even though the Default Judgment includes no determination whatsoever regarding MHCU's attorney's fees, as well as for unliquidated "expenses and costs" for which no bill of costs had ever been filed:

> JUDGMENT AMOUNT : $1,184.21, as of June 12, 2020 plus interest thereon at the rate of 17.90% per annum until paid; attorneys' fees as set forth in the Judgment; and expenses and costs.

33.     On September 9, 2020, and again on November 12, 2021, MHCU, by and through Stoll Keenon as its counsel, filed and served two wage garnishments in an attempt to collect the Default Judgment (the "First and Second Garnishments"). True and accurate copies of the First and Second Garnishments are attached hereto as Exhibit "F."

34.     In both the First and Second Garnishments, MHCU by and through Stoll Keenon state that the "Amount Due" on the Default Judgment is $1,184.21 plus unstated, unliquidated amounts of attorney's fees, expenses, and costs. One garnishment instructs the garnishee defendant to "please call [Stoll Keenon] for payoff," the reasonable inference being that Stoll Keenon, on MHCU's behalf, had self-awarded fixed amounts of attorney's fees, "expenses," and costs without any determination by the Fayette District Court of the reasonableness of such attorney's fees and without any timely bill of costs filed that itemized MHCU's costs expended:

> Amount Due: $ 1,184.21 + interest, atty. fees & costs and
>
> Probable Court Costs: $ Undetermined – Please call for payoff

35.     On March 19, 2024, MHCU, by and through Stoll Keenon, filed a third wage

-6-

garnishment in an attempt to collect the Default Judgment (the "Third Garnishment"). A true and accurate copy of the Third Garnishment is attached hereto as Exhibit "G."

36. Like the First and Second Garnishments, the Third Garnishment stated that the "Amount Due" on the Default Judgment is $1,184.21 plus unstated, unliquidated amounts of attorney's fees, "expenses," and costs.

37. Upon information and belief, the references to "expenses" in the Third Garnishment and in other communications cited *infra* refer to expenses allegedly incurred by MHCU or Stoll Keenon which are neither attorney's fees nor court costs, and which are neither awarded by the Default Judgment nor legally recoverable by MHCU or Stoll Keenon pursuant to a judgment in the Commonwealth of Kentucky.

38. Understandably confused by the open-ended nature of the amount stated due and owing in the Third Garnishment, and being unable to get any further information from her employer, Ms. Williams contacted one Missy Rader ("Rader"), a Legal Assistant of Stoll Keenon, identified in the Third Garnishment as the appropriate contact for Stoll Keenon.

39. On April 4, 2024, Ms. Williams sent an e-mail message to Ms. Rader to request the possibility of a modification of the amounts MHCU was taking from her wages pursuant to the Third Garnishment, as well as to seek information concerning the total amount MHCU and Stoll Keenon alleged was due and owing.[2]

40. On April 8, 2024, Ms. Rader conveyed to Ms. Williams via reply e-mail that MHCU had denied her request to modify the amounts to be taken from Ms. Williams' wages and also conveyed that the principal and interest due and owing on the Default Judgment as of that date ("not including attorneys' fees/costs") was $1,913.77.

41. Ms. Rader declined to provide Ms. Williams with any statement of the balance she owed as determined by Stoll Keenon on behalf of MHCU or the amount she supposedly owed for attorney's fees, costs, and "expenses," but, however, Ms. Rader did state that Stoll Keenon did have, or could obtain, this information:

---

[2] A true and accurate copy of the e-mail communications between April 4, 2024 and April 8, 2024 referenced in this paragraph and in paragraphs 37-38 *infra* are attached hereto as Exhibit "H."

> If you have further questions or concerns, please feel free to email me, and we can better pinpoint what the additional costs will be as you get closer to paying down the debt.
>
> Thanks,
> Missy Rader

42. On May 8, 2024, Ms. Williams, after having $1,949.02 garnished from her pay, telephoned Ms. Rader and in a voice mail message left for Ms. Rader indicated that she believed that the Third Garnishment had been paid off.[3]

43. On May 9, 2024, after researching the matter, Ms. Rader advised Ms. Williams by e-mail that the $1,949.02 garnished from her pay to date had not only *not* paid off the principal and interest on the Default Judgment (which only a month prior had been only $1,913.77), but that "[MHCU] is showing that approximately $369.78 is still due on their end and there are still some legal fees on our [*i.e.*, Stoll Keenon's] end of approximately $400.00."

44. Ms. Rader also attempted to reassure Ms. Williams that any overpayment remitted by her employer to Stoll Keenon on behalf of MHCU would be returned to her employer.

45. In other words, as of May 9, 2024 MHCU and Stoll Keenon (a) had still failed to provide Ms. Williams with an itemized accounting of what, exactly, was due and owing on the Default Judgment; (b) had still failed to inform Ms. Williams to what elements of the alleged balance due and owing they had credited the funds of $1,949.02 received by means of the Third Garnishment; (c) failed to inform Ms. Williams of what the alleged remaining balance of $369.78 claimed due and owing by MHCU represented (that is, whether it represented principal, interest, court costs, and/or other "expenses"); (d) gave only a vague figure of "approximately $400.00" for Stoll Keenon's attorney's fees, despite the fact that it presumably had all the information it needed at its disposal to determine its *claimed* attorney's fees, and despite the fact that it had still never moved the Fayette District Court for an award of its liquidated attorney's fees and hence had not received a judicial determination that such fees were reasonable; and (e) despite all of the foregoing vagueness and evasiveness, exhorted Ms. Williams to *trust* MHCU and Stoll Keenon that any "overpayments" would ultimately be returned to her (or, more specifically, her employer).

---

[3] A true and accurate copy of the e-mail communications between May 8, 2024 and May 9, 2024 referenced in this paragraph and in paragraph 40 *infra,* including a transcript of Ms. Williams' voice mail message of May 8, 2024, are attached hereto as Exhibit "J."

46. As of this Complaint, MHCU and Stoll Keenon have not released the Third Garnishment and continue to receive funds garnished from Ms. Williams' wages, at least some of which have been credited towards attorney's fees not awarded by the Fayette District Court in the Default Judgment, towards court costs for which no bill of costs has ever been filed, and/or towards expenses which are in no way recoverable from a judgment debtor pursuant to a judgment in the Commonwealth of Kentucky.

47. MHCU and Stoll Keenon have jointly and severally caused Ms. Williams to incur actual damages in the form of amounts garnished from her pay by means of the Third Garnishment in excess of that awarded by the Default Judgment, loss of time Ms. Williams incurred in attempting to obtain a full accounting of the Default Judgment from MHCU and/or Stoll Keenon, and attorney fees for legal representation to halt the unlawful garnishments of her income.

48. Stoll Keenon violated multiple sections of the federal FDCPA statute by *inter alia* collecting, or attempting to collect, attorney's fees from Ms. Williams not awarded by the Fayette District Court in the Default Judgment; by collecting, or attempting to collect, court costs from Ms. Williams for which no bill of costs has ever been filed; and by collecting, or attempting to collect, expenses from Ms. Williams which are not, and have never been, awarded by the Fayette District Court and/or which the Fayette District Court had, and has, no legal basis or discretion to award to MHCU or Stoll Keenon, which violations each created a material risk of harm to Plaintiff and the interests of consumers recognized by Congress and which it sought to protect by enacting the FDCPA.

49. MHCU and Stoll Keenon jointly and severally violated the KCPA, KRS 367.220, by *inter alia* collecting, or attempting to collect, attorney's fees from Ms. Williams not awarded by the Fayette District Court in the Default Judgment; by collecting, or attempting to collect, court costs from Ms. Williams for which no bill of costs has ever been filed; and by collecting, or attempting to collect, expenses from Ms. Williams which are not, and have never been, awarded by the Fayette District Court and/or which the Fayette District Court had, and has, no legal basis or discretion to award to MHCU or Stoll Keenon.

50. MHCU and Stoll Keenon have, within the past two years prior to the filing of this Complaint, collected, or attempted to collect, attorney's fees from numerous Kentucky consumers not awarded by trial courts of the Commonwealth of Kentucky in judgments; by collecting, or attempting to collect, court costs from numerous Kentucky consumers for which neither MHCU nor Stoll Keenon filed and served a bill of costs with the trial court after judgment; and by collecting, or attempting to collect, expenses which are not, and have never been, awarded by a trial court of the Commonwealth of Kentucky and/or which the applicable trial court had, and has, no legal basis or discretion to award to MHCU or Stoll Keenon.

# INDIVIDUAL CLAIMS FOR RELIEF

I.   **Violations of the FDCPA**

51.   The foregoing acts and omissions of Defendant Stoll Keenon Ogden PLLC ("Stoll Keenon") as to Plaintiff Halima Williams individually constitute violations of the FDCPA which violations include, but are not limited to:

A.   **Violation of 15 U.S.C. §1692e** by collecting or attempting to collect attorney's fees not awarded in the Default Judgment from Ms. Williams; by collecting or attempting to collect court costs for which no bill of costs was filed and served; and, by attempting to collect expenses not awarded by the Default Judgment and/or not legally recoverable by MHCU or Stoll Keenon, thereby using false, deceptive, or misleading representation or means in connection with collection of a debt;

B.   **Violation of 15 U.S.C. §1692e(2)(A)** collecting or attempting to collect attorney's fees not awarded in the Default Judgment from Ms. Williams; by collecting or attempting to collect court costs for which no bill of costs was filed and served; and, by attempting to collect expenses not awarded by the Default Judgment and/or not legally recoverable by MHCU or Stoll Keenon, thereby falsely representing the status of her debt;

C.   **Violation of 15 U.S.C. §1692e(5)** by collecting or attempting to collect attorney's fees not awarded in the Default Judgment from Ms. Williams; by collecting or attempting to collect court costs for which no bill of costs was filed and served; and, by attempting to collect expenses not awarded by the Default Judgment and/or not legally recoverable by MHCU or Stoll Keenon, thus taking an action against Plaintiff that it could not legally take in an attempt to collect a debt;

D.   **Violation of 15 U.S.C. §1692e(10)** by collecting or attempting to collect attorney's fees not awarded in the Default Judgment from Ms. Williams; by collecting or attempting to collect court costs for which no bill of costs was filed and served; by attempting to collect expenses not awarded by the Default Judgment and/or not legally recoverable by MHCU or Stoll Keenon; and, by representing to Ms. Williams that she owed these attorney's fees, costs, and expenses, thus using a false representation or deceptive means to attempt to collect a debt;

E.   **Violation of 15 U.S.C. §1692f** by collecting or attempting to collect from Ms. Williams attorney's fees not awarded in the Default Judgment; by collecting or attempting to collect court costs for which no bill of costs was filed and served; and, by attempting to collect expenses not awarded by the Default Judgment and/or not legally recoverable by MHCU or Stoll Keenon thereby using unfair or unconscionable means to attempt to collect a debt;

F. **Violation of 15 U.S.C. §1692f(1)** by collecting or attempting to collect attorney's fees not awarded in the Default Judgment from Ms. Williams by collecting or attempting to collect court costs for which no bill of costs was filed and served; and. by attempting to collect expenses not awarded by the Default Judgment and/or not legally recoverable by MHCU or Stoll Keenon thereby collecting amounts not expressly authorized by the agreement creating a debt or permitted by law.

II. **Violations of the KCPA**

51. The foregoing acts and omissions of Defendants Members Heritage Credit Union ("MHCU") and Stoll Keenon Ogden PLLC ("Stoll Keenon") as to Plaintiff Halima Williams individually constitute joint and several violations of the KCPA.

52. The transaction that resulted in the creation of the MHCU Loan and the MHCU Agreement constitutes "trade" and "commerce" within the meaning of the KCPA.

53. Ms. Williams used the funds obtained by means of the MHCU Loan and MHCU Agreement exclusively for personal, family, and/or household purposes.

54. Collecting or attempting to collect attorney's fees from Ms. Williams which were not deemed reasonable by a trial court and, hence, were not recoverable in a judgment is an unfair, false, misleading, or deceptive act or practice in the conduct of any trade or commerce that is unlawful under KRS 367.170.

55. Collecting or attempting to collect court costs from Ms. Williams which were not recoverable for MHCU's and Stoll Keenon's failure to file and serve a timely bill of costs pursuant to CR 54.04 is an unfair, false, misleading, or deceptive act or practice in the conduct of any trade or commerce that is unlawful under KRS 367.170.

56. Collecting or attempting to collect expenses from Ms. Williams which are neither awarded in the Default Judgment nor legally recoverable by MHCU or Stoll Keenon is an unfair, false, misleading, or deceptive act or practice in the conduct of any trade or commerce that is unlawful under KRS 367.170.

57. Ms. Williams suffered real and ascertainable losses from MHCU's and Stoll Keenon's joint and several violations of the KCPA, including but not limited to improperly garnished funds retained by MHCU and Stoll Keenon as well as frustration, anxiety, and emotional upset.

58. Ms. Williams is a natural person within the meaning of the KCPA.

59. Ms. Williams suffered real and ascertainable losses from MHCU and Stoll Keenon's joint and several violations of the KCPA.

60. Ms. Williams has claims against MHCU and Stoll Keenon jointly and severally under KRS 367.220 which gives her the right to recover her ascertainable damages, plus her costs, plus reasonable attorney's fees to be determined by the Court, and punitive damages.

## CLASS ALLEGATIONS

61. Plaintiff Halima Williams incorporates all paragraphs pleaded *supra* as if fully restated and set out herein after.

62. Plaintiff pursuant to Fed. R. Civ. P. 23 hereby files a proposed class action complaint as the proposed class action representative against Defendants Members Heritage Credit Union ("MHCU") and Stoll Keenon Ogden PLLC ("Stoll Keenon") jointly and severally, on behalf of classes of all persons in the Commonwealth of Kentucky similarly situated to Plaintiff comprised of the following persons:

**CLASSES I, II, and III (FDCPA Classes)**

**CLASS I**

63. All Kentucky persons/consumers:

A. Against whom Stoll Keenon obtained a judgment in a District or Circuit Court of the Commonwealth of Kentucky on behalf of a creditor which states that the creditor is entitled to attorney's fees but the judgment obtained against the consumer does not state a liquidated amount of attorney's fees found to be reasonable by the court in the judgment; and

B. Within the past one (1) year prior to the filing of this Complaint, Stoll Keenon collected or attempted to collect such attorney's fees, whether by means of garnishments, written or telephonic communications, or otherwise, in the absence of a liquidated amount certain of such fees being awarded by the court which entered judgment against the consumer.

**CLASS II**

64. All Kentucky persons/consumers:

A. Against whom Stoll Keenon obtained a judgment in a District or Circuit Court of

the Commonwealth of Kentucky on behalf of a creditor which states that the creditor is entitled to its court costs expended, but for which Stoll Keenon, on behalf of the creditor, failed to file and serve a timely bill of costs pursuant to CR 54.04; and

B. Within the past one (1) year prior to the filing of this Complaint, Stoll Keenon collected or attempted to collect such court costs, whether by means of garnishments, written or telephonic communications, or otherwise, in the absence of a filed and served bill of costs and without the clerk's endorsement of a specific amount of court costs on the judgment pursuant to CR 54.04.

**CLASS III**

65. All Kentucky persons/consumers:

A. Against whom Stoll Keenon obtained a judgment in a District or Circuit Court of the Commonwealth of Kentucky on behalf of a creditor; and

B. Within the past one (1) year prior to the filing of this Complaint, Stoll Keenon collected or attempted to collect miscellaneous expenses which were neither attorney's fees nor court costs, and the judgment against the consumer did not expressly award the creditor such expenses and/or the expenses are not legally recoverable from a judgment debtor under Kentucky law.

**CLASSES IV, V, and VI (KCPA Classes)**

**CLASS IV**

66. All Kentucky persons/consumers:

A. Against whom Stoll Keenon and/or MHCU obtained a judgment in a District or Circuit Court of the Commonwealth of Kentucky on behalf of MHCU which states that the creditor is entitled to attorney's fees but does not state a liquidated amount certain of attorney's fees which the court awarding the judgment found reasonable; and

B. Within the past two (2) years prior to the filing of this Complaint, Stoll Keenon and/or MHCU collected or attempted to collect such attorney's fees, whether by means of garnishments, written or telephonic communications, or otherwise, in the absence of a stated, liquidated amount certain of such attorney fees which the court

awarding the judgment found reasonable.

**CLASS V**

      67.    All Kentucky persons/consumers:

      A.    Against whom Stoll Keenon and/or MHCU obtained a judgment in a District or Circuit Court of the Commonwealth of Kentucky on behalf of MHCU which states that MHCU is entitled to its court costs expended, but for which neither MHCU nor Stoll Keenon on MHCU's behalf filed and served a timely bill of costs pursuant to CR 54.04; and

      B.    Within the past two (2) years prior to the filing of this Complaint, MHCU and/or Stoll Keenon collected or attempted to collect such court costs, whether by means of garnishments, written or telephonic communications, or otherwise, in the absence of a filed and served bill of costs and without the clerk's endorsement of a specific amount of court costs on the judgment pursuant to CR 54.04.

**CLASS VI**

      68.    All Kentucky persons/consumers:

      C.    Against whom MHCU and/or Stoll Keenon obtained a judgment in a District or Circuit Court of the Commonwealth of Kentucky on behalf of MHCU; and

      D.    Within the past two (2) years prior to the filing of this Complaint, MHCU and/or Stoll Keenon collected or attempted to collect miscellaneous expenses which were neither attorney's fees nor court costs, and the judgment against the consumer did not expressly award MHCU such expenses and/or the expenses are not legally recoverable from a judgment debtor under Kentucky law.

      69.    The proposed Classes as set out *supra* and represented by Plaintiff Halima Williams in this action, of which she herself is a member, consists of those persons as defined and which members of the proposed Classes are so numerous that joinder as parties of individual members is impracticable.

      70.    Plaintiff's claims are typical of the claims of the proposed Classes as set out supra.

      71.    There are common questions of law and fact applicable to the members of the proposed Classes in this action that relate to and affect the rights of each member of the proposed Classes, and the relief sought is common to the entirety of the proposed Classes because all members of the proposed Classes have the same issues of law in common as alleged *supra*.

72. There is no known conflict between Plaintiff and any other members of the proposed Classes with respect to this action, or with respect to the claims for relief herein set forth.

73. Plaintiff is the representative party for the proposed Classes and is able to and will fairly and adequately protect the interest of each of the proposed Classes.

74. Plaintiff's attorney is experienced and capable in the field of consumer rights, including violations of the FDCPA, the KCPA, and other consumer rights statutes such as the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.*

75. Plaintiff's attorney has successfully represented other claimants in similar litigation.

76. The action is properly maintained as a class action in that the prosecution of separate actions by individual members of the proposed Classes would create a risk that individual adjudications could be dispositive of the interests of other members not a party to such adjudication or could substantially impair or impede their ability to protect their interest.

77. This action is properly maintained as a class action because the prosecution of separate actions by individual members of the proposed Classes would create risk of varying individual adjudications, which would establish incompatible standards of conduct for Defendants.

78. This action is properly maintained as a class action inasmuch as the questions of law and fact common to the proposed class members predominate over any questions affecting only individual members; a class action is superior to other methods available for the efficient adjudication of the controversy; the relief sought by all members of the proposed Classes will be effective and appropriate for the entirety of each proposed class; and all members of the proposed Classes have a right to damages or other relief that may be readily computed in each case or otherwise readily determined.

79. The identity of each individual member of the proposed Classes can be ascertained from the books and records maintained by Defendants.

80. Because many of the persons who comprise the proposed class in this case may not be aware of their rights, or may not be in a financial position to readily assert their rights, and because relegation of their claims to individual actions would result in an unreasonable multiplicity of suits and a corresponding burden on this and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Halima Williams requests that the Court grant her and all members of each of the Classes relief as follows:

1. Award Plaintiff and all members of Classes I, II, and III the maximum statutory damages pursuant to 15 U.S.C. §1692k for Defendants' joint and several violations of the FDCPA;

2. Award Plaintiff and all members of each of the Classes their actual damages for Defendants' joint and several violations of the FDCPA and KCPA and order disgorgement by Defendants of all such actual damages;

3. Award Plaintiff and all members of Classes IV, V, and VI punitive damages against each Defendant for Defendants' joint and several violations of the KCPA;

4. Award Plaintiff and all members of each of the Classes their reasonable attorney's fees and costs pursuant to the FDCPA and/or the KCPA;

5. Order that Defendants disgorge all amounts improperly collected from all members of the Classes, whether under the guise of attorney's fees, court costs, or expenses;

6. A trial by jury; and

7. Such other relief as the Court and law make Plaintiff and the members of the Classes entitled.

Submitted by:

/s/ James R. McKenzie
James R. McKenzie, KBA 81957
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Ave. Suite 5
Louisville, KY 40207
Tel:   (502) 371-2179
Fax:   (502) 257-7309
E-mail: jmckenzie@jmckenzielaw.com